IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Melissa Clark, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 4:13-1017-RMG |
| vs. ) | |
| ) | |
| Carolyn W. Colvin, Acting Commissioner ) | |
| of Social Security, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("R & R") on June 11, 2014, recommending that the the decision of the Commissioner be affirmed. (Dkt. No. 20). Plaintiff filed objections to the R & R. (Dkt. No. 25). After a careful review of the decision of the Commissioner, the R & R of the Magistrate Judge, the administrative record in this matter, and the applicable legal standards, the Court adopts the R & R and affirms the decision of the Commissioner, as further explained below.

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo*

determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

Under the regulations of the Social Security Administration, the Commissioner is obligated to consider all medical evidence and the opinions of medical sources, including treating physicians. 20 C.F.R. § 404.1545. The regulation, known as the "Treating Physician Rule," imposes a duty on the Commissioner to "evaluate every medical opinion we receive." *Id.* § 404.1527(c). The Commissioner "[g]enerally . . . give[s] more weight to opinions from . . . treating sources" based on the view that "these sources are likely to be the medical professionals

-2-

most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 404.1527(c)(2).

Under some circumstances, the opinions of the treating physicians are to be accorded controlling weight. Even where the opinions of the treating physicians of the claimant are not accorded controlling weight, the Commissioner is obligated to weigh those opinions in light of a broad range of specifically identified factors, including the examining relationship, the nature and extent of the treatment relationship, supportability of the opinions in the medical record, consistency, and whether the treating physician is a specialist. *Id.* §§ 404.1527(c)(1)-(5). The Commissioner is obligated to weigh the findings and opinions of treating physicians and to give "good reasons" in the written decision for the weight given to a treating source's opinions. SSR 96-2P, 61 Fed. Reg. 34490, 34492 (July 2, 1996). Under the Treating Physician Rule, preference is generally given to the opinions of treating physicians over the opinions of non-examining chart reviewers or one time examiners. 20 C.F.R. § 404.1527(c)(1), (2).

## Discussion

Plaintiff asserts her disability claim on the basis of various physical and mental impairments, including degenerative disc disease, sleep apnea, obesity, depression, and anxiety. The Administrative Law Judge ("ALJ") recognized that each of those mental and physical impairments asserted by Plaintiff were "severe" under the Social Security Act, but she still retained the residual functional capacity ("RFC") to perform light work. Transcript of Record ("Tr.") 35, 38-42. Based on a vocational expert's testimony that there were significant numbers

of jobs in the national economy that Plaintiff could perform with her RFC, the claimant's application for disability was denied. Tr. 42-44.

In reaching that decision, the ALJ noted the written report signed by Plaintiff's treating physician, Dr. Lance Miller, on May 17, 2011, that identified significant limitations caused primarily by her degenerative disc disease and related back pain. Tr. 530. Dr. Miller stated in the May 17, 2011 report that Plaintiff had "consistently complained" of radiating pain down her right leg and that her pain was so great that it would cause interruptions in her ability to concentrate while at work. *Id.* Dr. Miller described Plaintiff's clinical presentation as "consistent over the years." *Id.* Dr. Miller expressed similar sentiments in an April 26, 2011 office note in which he concluded that Plaintiff "is clearly permanently and totally disabled due to the back problems, osteoarthritis, sleep apnea, and anxiety." Tr. 527.

The ALJ observed, however, that the May 17, 2011 report was inconsistent with Dr. Miller's own office record and other record evidence. Thus, while recognizing the deferential standard accorded the opinions of treating physicians, the ALJ concluded that Dr. Miller's opinions were entitled to "less weight" since they "are not supported by the physician's own treating records." Tr. 42. Plaintiff is correct when she asserts that Social Security regulations accord considerable deference to the opinions of treating physicians, as the Magistrate Judge ably set forth in his R & R. (Dkt. No. 20 at 18). That deference is not absolute and the supportability and consistency of the opinions of the treating physician are important factors to consider under the Treating Physician Rule. 20 C.F.R. § 404.1527(c).

The Court has carefully reviewed each of Dr. Miller's office notes, and there is substantial evidence in the record to support the finding of the ALJ that office notes both before

and after the May 17, 2011 summary report of Dr. Miller document a far more benign presentation. For instance, the office note for the December 1, 2010 visit describes the patient's muscle spasms as "mild," documents the absence of any radiating pain or weakness, and notes the patient's pain, depression, and anxiety were "well controlled." Tr. 558. Dr. Miller's note from an April 4, 2011 office visit, prepared within six weeks of the summary report, describes Plaintiff's pain as "well controlled" and her "depression and anxiety are going well." Muscle spasms are described as only "occasional." Tr. 554. A remarkably similar note was prepared by Dr. Miller on June 3, 2011, less than a month after the May 17, 2011 report. The patient denied any radiating pain or weakness, her pain was well controlled on her medications, and she complained mostly about some knee symptoms. Tr. 551. Similar notes with similar findings were made in office notes of August 3 and October 3, 2011. Tr. 548, 593. In short, Dr. Miller's dire office note of April 26, 2011, and report of May 17, 2011, are, as the ALJ noted, inconsistent with other portions of Plaintiff's contemporaneous office records.

The Court has also reviewed other record evidence, including xray reports, an examination by a consulting physician, and chart reviews by various health care providers, who offered opinions consistent with the ALJ's finding that Plaintiff has the RFC to perform light work. Tr. 366-79, 381-85, 390-95, 430-55, 459, 463-88, 507. Thus, the Court finds there is substantial evidence in the record to support the decision of the Commissioner and that conclusion was reached after properly applying the standards of the Treating Physician Rule. The Court further finds that the Magistrate Judge ably summarized the record evidence in this matter, correctly set forth the proper legal standards, and correctly concluded that the decision of the Commissioner should be affirmed. Therefore, the Court adopts the R & R of the Magistrate

Judge as the order of this Court and affirms the decision of the Commissioner pursuant to 42 U.S.C. § 405(g).

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

July _14_, 2014
Charleston, South Carolina